**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **LERMAN CONTAINER CORP.,** | |
| Plaintiff, | Case No. 26-13166 |
| v. | |
| **ARO CONNECTION, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff LERMAN CONTAINER CORP. d/b/a eBottles ("Plaintiff" or "eBottles"), by and through its undersigned counsel, hereby complains and alleges against defendant ARO Connection, Inc. ("Defendant" or "ARO") as follows:

## NATURE OF THE ACTION

1. Plaintiff is a leading manufacturer and distributor of, among other items, bottles, closures, and jars, including concentrate jars with designs protected by United States Design Patent Nos. D781,151 S and D797,559 S ("eBottles Concentrate Jars"). On information and belief, Defendants are manufacturing, distributing, marketing, importing, exporting, offering for sale and/or selling jars that are virtually identical to Plaintiff's patented designs in violation of 35 U.S.C. § 271.

## THE PARTIES

2. Lerman Container Corp. is a Florida corporation with a principal place

of business at 4286 West Main Street, Jupiter, Florida 33458.

3. ARO Connection, Inc. is a Michigan corporation with a principal place of business in this District at 1346 Rankin St, Troy, Michigan, 48038.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 as it arises under the patent laws of the United States.

5. On information and belief, Defendant maintains its headquarters and has a regular and established physical place of business in this district.

6. On information and belief, Defendant has committed acts of infringement in this district.

7. Venue is properly established in this Court pursuant to 28 U.S.C. §§ 1391(b)-(c), and § 1400, because Defendant is subject to personal jurisdiction in this District, and because they have committed acts of infringement and have a regular and established place of business in this District.

## FACTUAL BACKGROUND

8. Plaintiff is a leading supplier of packaging solutions for the cannabis industry. Plaintiff has invested substantial resources in the development of innovative packaging products, including the patented products at issue.

9. Plaintiff designs, markets, offers for sale and sells bottles, jar, closures and other items to companies across a wide spectrum of industries, including, cannabis, medical, pharmaceutical, beauty and cosmetics, hospitality, engineering, entertainment, and restaurant industries. Among the products designed, marketed, offered for sale and sold by Plaintiff are Concentrate Jars in various sizes, including glass 5 ml and 9 ml concentrate jars, also referred to by Plaintiff as "straight base" concentrate jars. These jars have an elegant, symmetrical jar designed for use with concentrates and other materials and eBottles has obtained patents covering these designs.

10. On March 14, 2017, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D781,151 S, entitled "JAR" (the "'151 Patent"). A true and correct copy of the '151 Patent is attached hereto as Exhibit 1.

11. Plaintiff is the owner by assignment of all right, title, and interest in the '151 Patent.

12. The '151 Patent covers the design of eBottles 9 ml jar.

13. The base of Plaintiff's concentrate jars covered by the '151 Patent have been prominently and continuously marked with the '151 Patent number.

14. A request for *Ex Parte* Reexamination of the '151 Patent was submitted to the U.S. Patent Office on February 11, 2019. The *Ex Parte* Reexamination request

contended that the ‘151 Patent was invalid in view of certain jar designs that predated the June 8, 2016 filing date of the ‘151 Patent. The patentability of the claimed design was subsequently confirmed and an *Ex Parte* Reexamination Certificate No. US D781,151C1 was issued by the U.S. Patent Office on Nov. 30, 2021. A copy of the Reexamination Certificate is attached hereto as Exhibit 2.

15. A petition for *Inter Partes* Review (“IPR”) of the ‘151 Patent was filed on July 1, 2024. The IPR petition contended that the ‘151 Patent was invalid in view of certain jar designs that predated the June 8, 2016 filing date of the ‘151 Patent. On January 22, 2025, the Patent Trial and Appeal Board (“PTAB”) denied the Petition.

16. On September 19, 2017, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D797,559 S, entitled “JAR” (The “‘559 Patent”). A true and correct copy of the ‘559 Patent is attached hereto as Exhibit 3.

17. Plaintiff is the owner by assignment of all right, title, and interest in the ‘559 Patent.

18. The ‘559 Patent covers the design of the eBottles 5 ml jar.

19. Plaintiff sells the 5 ml and the 9 ml Concentrate Jars through its website ebottles.com, through representatives and/or affiliates of the company, and through other channels. Notice of Plaintiff’s ‘151 Patent and ‘559 Patent has been

continuously and prominently displayed on its website in association with the eBottles concentrate jars covered by those patents.

**<u>Defendants' Infringing Activities</u>**

20. On information and belief, Defendant markets, offers for sale and/or sells various packaging products throughout the United States, including through its website aroconnection.com, representatives and/or affiliates of the company and/or through other channels.

21. Defendants offer for sale and sell jars in this judicial district and elsewhere throughout the United States that that are virtually identical to the patented designs of the '151 and '559 Patents, including 9 ml and 5 ml glass jars (the "Infringing Jars").

22. The claimed design in the '151 Patent is shown below alongside an exemplary and nearly identical 9 ml jar offered for sale by Defendant (the "Infringing 9 ml Jar"):

| The '151 Patent | The Infringing 9 ml Jar |
|---|---|
|  FIG. 1 |  |
|  FIG. 2 |  |

23. Defendants' development, manufacture, exportation, importation, shipment, distribution, promotion, advertising, marketing, sale, and/or offering for sale of jars including the Infringing 9 ml Jars, or inducement of third parties to engage in these activities, infringes upon Plaintiff's valuable, exclusive rights in the '151 Patent.

24. The claimed design in the '559 Patent is shown below alongside an exemplary and nearly identical 5 ml Jar offered for sale by Defendant (the "Infringing 5 ml Jar"):

| The '559 Patent | The Infringing 5 ml Jar |
|---|---|
|  FIG. 1 |  |
|  FIG. 2 |  |

25. Defendants' development, manufacture, exportation, importation, shipment, distribution, promotion, advertising, marketing, sale, and/or offering for sale of jars, including the Infringing 5 ml Jar, or inducement of third parties to engage in these activities, infringes upon Plaintiff's valuable, exclusive rights in the '559 Patent.

26. On April 30, 2026, eBottles expressly put Defendant on notice that marketing, offering for sale, selling, manufacturing and/or importing the Infringing

5 ml and 9 ml Jars violates Plaintiff's rights in the '151 Patent and the '559 Patents. A copy of the April 30, 2026 letter is attached as Exhibit 4.

27. On June 29, 2026, counsel for Plaintiff reiterated to Defendant that sale and distribution the Infringing 5 ml and 9 ml Jars violated Plaintiff's rights in the '151 Patent and the '559 Patent. A copy of the June 29, 2026 letter is attached as Exhibit 5.

28. Defendant is not now, and at no time has it been at any time licensed under the '151 Patent or the '559 Patent.

29. Defendant's acts have caused and continue to cause Plaintiff to suffer irreparable injury to its business.

30. Plaintiff has suffered and will continue to suffer substantial loss of goodwill and reputation unless and until Defendant is permanently enjoined from its infringement as set forth herein.

**COUNT I**

**INFRINGEMENT OF THE '151 PATENT**

31. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

32. Defendants are now, and have been, directly, contributorily and by inducement, infringing the '151 Patent in violation of 35 U.S.C. § 271 by selling, offering to sell, making, or using jars that are covered by the '151 Patent, including

the Infringing 9 ml Jar, in the United States, and by actively inducing others to sell, offer to sell, make or use such jars in the United States.

33. The design of the Infringing 9 ml Jar is nearly identical to the jar as claimed in the '151 Patent. The similarities between the '151 Patent and the Infringing 9 ml Jar are such that an ordinary observer would be deceived into thinking the Infringing 9 ml Jar is the jar depicted in the '151 Patent.

34. Defendant's acts of infringement of the '151 Patent were undertaken without permission or license from Plaintiff.

35. Defendant has been on notice of its infringement of the '151 Patent since April 30, 2026 at the latest.

36. Defendant's direct infringement of the '151 Patent has been willful and with reckless disregard of Plaintiff's rights therein, as Defendant knew or should have known that their actions constituted infringement of the '151 Patent.

37. As a direct and proximate result of its infringement of the '151 Patent, Defendant has derived and received gains, profits, and advantages in an amount yet to be determined.

38. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages for Defendant's infringing acts of no less than a reasonably royalty and is entitled to treble damages for willful infringement as this is an exceptional case.

39. Pursuant to 35 U.S.C. § 289, Plaintiff is entitled to Defendant's total profits from Defendant's infringing sales.

40. Pursuant to 35 U.S.C. § 285, Plaintiff is entitled to reasonable attorneys' fees.

41. Due to Defendant's infringing acts, Plaintiff has suffered significant and irreparable injury for which Plaintiff has no adequate remedy at law.

## COUNT II

## INFRINGEMENT OF THE '559 PATENT

42. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

43. Defendants are now, and have been, directly, contributorily and by inducement, infringing the '559 Patent in violation of 35 U.S.C. § 271 by selling, offering to sell, making, or using jars that are covered by the '559 Patent, including the Infringing 5 ml Jar, in the United States, and by actively inducing others to sell, offer to sell, make or use such jars in the United States.

44. The design of the Infringing 5 ml Jar is nearly identical to the jar as claimed in the '559 Patent. The similarities between the '559 Patent and the Infringing 5 ml Jar are such that an ordinary observer would be deceived into thinking the Infringing 5 ml Jar is the jar depicted in the '559 Patent.

45. Defendant's acts of infringement of the '559 Patent were undertaken without permission or license from Plaintiff.

46. Defendant has been on notice of its infringement of the '559 Patent since April 30, 2026 at the latest.

47. Defendant's direct infringement of the '559 Patent has been willful and with reckless disregard of Plaintiff's rights therein, as Defendant knew or should have known that their actions constituted infringement of the '559 Patent.

48. As a direct and proximate result of its infringement of the '559 Patent, Defendant has derived and received gains, profits, and advantages in an amount yet to be determined.

49. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages for Defendant's infringing acts of no less than a reasonably royalty and is entitled to treble damages for willful infringement as this is an exceptional case.

50. Pursuant to 35 U.S.C. § 289, Plaintiff is entitled to Defendant's total profits from Defendant's infringing sales.

51. Pursuant to 35 U.S.C. § 285, Plaintiff is entitled to reasonable attorneys' fees.

52. Due to Defendant's infringing acts, Plaintiff has suffered significant and irreparable injury for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lerman Container Corp. prays for

1) Entry of a **JUDGMENT** that:

(a) Defendant has infringed and is infringing the ‘151 Patent;

(b) Defendant’s infringement of the ‘151 Patent was willful;

(c) Defendant has infringed and is infringing the ‘559 Patent;

(d) Defendant’s infringement of the ‘559 Patent was willful.

2) An **ORDER** enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, members, parents, subsidiaries, and all those acting in concert or participation therewith, from directly or indirectly infringing the ‘151 Patent and the ‘559 Patent.

3) An **ORDER** requiring Defendants to deliver up for impoundment and destruction all of the Infringing Jars currently in inventory along with molds for the manufacture of those jars.

4) A further **ORDER**

(a) requiring Defendant to account for any gains, profits, and advantages derived and accrued as a result of their infringement of the ‘151 and ‘559 Patents;

(b) assessing to Plaintiff an award of its actual damages, trebled, as well as all profits Defendants have derived from infringing the

'151 Patent and the '559 Patent pursuant to 35 U.S.C. 284;

(c) finding that this case is exceptional and awarding to Plaintiff its attorneys' fees, expenses, and costs incurred in connection with this action as provided by 35 U.S.C. § 285;

(d) awarding to Plaintiff pre- and post-judgment interest and costs of this action against Defendants; and

(e) assessing such additional relief as the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Lerman Container Corp. demands a trial by jury on all facts so triable.

Dated: September 2, 2026

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

/s/ *Marc Lorelli*
Marc Lorelli (P63156)
150 W. Second Street, Suite 400N
Royal Oak, Michigan 48067
Tele: (248) 358-4400
Email: mlorelli@brookskushman.com

Jason R. Wachter*
**Admission Request Forthcoming*

Gottlieb, Rackman & Reisman, P.C.
270 Madison Avenue, Suite 1403
New York, NY 10016
Tele: 212-684-3900
Email: jwachter@grr.com

*Attorneys for Plaintiff eBottles.com, Inc.*